NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARMEN AZUCENY OROZCO GUZMAN, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-70987 <br><br> Agency No. A206-726-366 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 14, 2024
Phoenix, Arizona

Before: DESAI, DE ALBA, Circuit Judges, and CHEN,** District Judge.

Petitioner Carmen Azuceny Orozco Guzman ("Guzman"), a native of

Guatemala, petitions for review of the decision by the Board of Immigration

Appeals ("BIA") affirming an immigration judge's ("IJ") (collectively "agency")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

denial of her application for asylum, withholding of removal ("withholding"), and deferral of removal under the Convention Against Torture ("CAT"). Guzman asserts that the agency erred: (1) in determining that her testimony was not credible and in denying her application for asylum and withholding on that basis; and (2) by finding she was not entitled to CAT relief based upon country conditions reports alone.

This Court has jurisdiction to review final orders of removal under 8 U.S.C. § 1252. This Court reviews the agency's findings of fact, including whether an applicant failed to show eligibility for asylum, withholding of removal, and CAT protection, under the substantial evidence standard. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (citations omitted). This Court reviews adverse credibility findings under the same standard. *Id.* A factual finding by the agency is conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quotations omitted). We affirm the agency's decision.

## Asylum and Withholding

1. An asylum applicant bears the burden of demonstrating eligibility for relief. 8 U.S.C. § 1158(b)(1)(B)(i). "Under the REAL ID Act, an applicant for [asylum] relief is not presumed credible." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). To satisfy her burden of proof, the applicant may provide credible, persuasive, and sufficiently detailed testimony that "satisfies the trier of fact" that

2

she is a "refugee" as defined by the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1158(b)(1)(B)(ii); 8 C.F.R. § 1208.13(a); *Matter of Mogharrabi*, 19 I. & N. Dec. 439, 445 (BIA 1987). A "refugee" is a person unable or unwilling to return to the country of origin because of persecution or a well-founded fear of persecution on account of race, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). An applicant seeking withholding of removal must make much the same showing, though qualifying harm and level of risk must be more severe. *See* 8 U.S.C. § 1231(b)(3)(A) (precluding removal where applicant's "life or freedom would be threatened in that country" because of protected status). The requirement that the applicant provide credible evidence of a well-founded fear of persecution applies to both asylum and withholding. *See* 8 U.S.C. § 1231(b)(3)(C). In making a credibility finding, the agency must consider the totality of the circumstances and may base the determinations on, *inter alia*, "the consistency between the applicant's . . . written and oral statements" and "the consistency of such statements with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(iii).

2. Guzman's asylum and withholding claims are premised upon gender-based violence in Guatemala.[1] Guzman claims persecution due to her status as a member

---

[1] Though the government references El Salvador repeatedly in its answering brief this case is about return to Guatemala.

of the particular social group "women in Guatemala," and due to her political opinion: opposition to the marginalization of women.

Guzman, the only live witness at the hearing, testified to a single incident of harm she suffered in March 2014 in which an unknown individual asked her for money, took her phone, and pushed her to the ground. She did not assert the attack was gender-based; rather she testified it was based on her being alone. Guzman also testified to a culture of *machismo* in Guatemala and submitted affidavits from herself, family, and friends, and country conditions reports to support her claim of persecution.

The BIA affirmed the denial of asylum and withholding based upon the IJ's adverse credibility finding. The BIA cited two inconsistencies amongst Guzman's testimony and declarations in her application to support that finding.

The BIA's first finding of inconsistency is supported by substantial record evidence. Although Guzman testified that she was attacked in March 2014 because she was alone her declaration stated her brother was present. Her brother also omitted the event from his declaration. Guzman did not offer a reasonable explanation for the inconsistency in her testimony. She explained that "the question was directly about me or to me" and "I didn't know that I was going to have to explain all that including my brother." This did not reconcile the discrepancy and the agency is not bound to accept an unpersuasive explanation.

4

*See, e.g.*, *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124-25 (9th Cir. 2010).

The BIA's second finding of inconsistency is not supported by substantial record evidence. Guzman testified that she experienced only one violent incident (the March 2014 attack) while her brother's affidavit discussed a robbery of her home on April 14th and other crimes against her family. Guzman clarified she was not home during the April 14th invasion and Guzman was only asked to recount events that she "experienced." The testimony and declaration are not inconsistent and cannot be relied upon to support an adverse credibility finding. *See Barseghyan v. Garland*, 39 F.4th 1138, 1145 (9th Cir. 2022) (agency "must state a specific and cogent reason for rejecting" plausible explanation) (quotations omitted). And although the IJ brought up the issue of other crimes in passing, he did not ask her to clarify. Guzman was not afforded a "reasonable opportunity" to explain. *Munyuh v. Garland*, 11 F.4th 750, 762 (9th Cir. 2021).[2]

3. Under *Alam v. Garland*, the Court must decide if the validated inconsistency constitutes substantial record evidence supporting adverse credibility, viewed in context of the totality of the circumstances. 11 F.4th 1133, 1134, 1135-37 (9th Cir.

---

[2] This is especially true as the IJ repeatedly ordered Guzman to only answer questions she was asked directly and to await further questions. It is also worth noting this inconsistency involves Guzman's tendency *not* to embellish her claim, undermining its validity in supporting adverse credibility. *See, e.g.*, *Youguang Cheng v. Holder*, 555 F. App'x 646, 647 (9th Cir. 2014) (negative credibility finding not supported by applicant minimizing harm).

5

2021) (en banc).

The valid inconsistency alone supports a determination of adverse credibility. Guzman testified she was targeted *because* she was alone. Her sworn testimony that her brother was present undermines her description and explanation for the attack. This square contradiction is central to her claim of persecution; it is the only incident of violence she experienced. *Cf. Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011) (manifestly trivial inconsistencies insufficient to support adverse credibility finding). Conversely, the invalidated inconsistency about crimes against her family is relatively inconsequential. To the extent her testimony established she did not experience the home invasion or other crimes, that testimony is minimally probative of her credibility or her claims. *Cf. Kumar v. Garland*, 18 F.4th 1148, 1156 (9th Cir. 2021) (remanding where rejected findings "all but gut" agency's opinion). Viewing the totality of the circumstances, the adverse credibility finding is supported by substantial record evidence.

4. Absent credible testimony, the agency reasonably denied Guzman's asylum and withholding claims. *See Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093–94 (9th Cir. 2021) (finding absence of credible testimony alone supported denial of asylum and withholding claims); *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (an adverse credibility finding may be dispositive as to asylum and withholding).

## CAT

5. As to Guzman's CAT claim, a noncitizen seeking CAT protection bears the "burden of proof . . . to establish that it is more likely than not that he or she would be tortured" upon removal. 8 C.F.R. § 1208.16(c)(2). The torture must be "inflicted by, or at instigation of, or with consent or acquiescence of, a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). "A CAT applicant may satisfy his burden with evidence of country conditions alone." *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010). Guzman argues country conditions reports in the record compel granting her relief under CAT.

To be entitled to CAT relief, Guzman must establish clear probability of torture with the acquiescence of a public official or other person acting in an official capacity. *See* 8 C.F.R. § 1208.18(a)(1). Unwillingness and efficacy of the government are relevant. *Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017). The reports in the record are mixed on both counts. The reports discuss government inaction and past inefficacy. But the reports also identify numerous, recent efforts by the Guatemalan government to combat gender-based violence, including formation of a 24-hour tribunal and appointment of a special prosecutor to combat femicide, with little discussion of the efficacy of those efforts. The reports thus do not compel finding government acquiescence. *See Garcia-Milian*

7

*v. Holder*, 755 F.3d 1026, 1035 (9th Cir. 2014) (holding country conditions reports did not compel finding Guatemalan government acquiesced to torture given steps taken to combat violence against women); c*f. Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1185-86 (9th Cir. 2020) (reversing, based in part upon extensive country conditions reports of pervasive government corruption); *Akosung v. Barr*, 970 F.3d 1095, 1104 (9th Cir. 2020) (evidence compelled reversal as police were aware of torture and refused to interfere).

**AFFIRMED.**